IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

JOSHUA M. HATFIELD,

        Petitioner,

v.                                              Case No. 1:16-cv-05851

BUREAU OF PRISONS,

        Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 29, 2016, Petitioner, an inmate who was then housed at FCI McDowell, in Welch, West Virginia[1], acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1). Petitioner paid the applicable $5.00 filing fee. This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner is currently serving a 77-month term of imprisonment imposed by the United States District Court for the Eastern District of Tennessee following his conviction for being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (*United States v. Hatfield*, Case No. 3:10-cr-00020 (E.D. Tenn. Sept. 22, 2010), Judgment in a

---

[1] The petitioner is now incarcerated at USP Coleman II with a projected release date of January 5, 2021.

Criminal Case, filed herein as ECF No. 8, Ex. 1, Attach, C). Petitioner has filed the instant petition for a writ of habeas corpus asserting that his federal sentence should have commenced on September 22, 2010, the date it was imposed. An explanation of the procedural history of Petitioner's state and federal criminal cases will be helpful.

On May 10, 2009, Petitioner was arrested by state authorities in Jefferson County, Tennessee, on charges of Aggravated Burglary and Aggravated Assault. (ECF No. 8 at 2 and Ex. 1, Attach. A). On January 13, 2010, Petitioner was sentenced in the Criminal Circuit Court of Jefferson County, Tennessee, to five years of imprisonment on each pf those charges, which were to run concurrently. (*Id.*)

On February 16, 2010, Petitioner was borrowed by federal authorities on a writ of habeas corpus *ad prosequendum* for proceedings related to his Felon in Possession charge in the United States District Court for the Eastern District of Tennessee. Following his guilty plea thereto, on September 22, 2010, Petitioner was sentenced to the subject term of 77 months of imprisonment. (*Id.* at 2 and Ex. 1, Attach. C). Petitioner's federal Judgment was silent as to whether that sentence would run concurrently with or consecutive to his state sentences.

Petitioner was returned to state custody on October 18, 2010. (*Id.* at 2 and Ex. 1, Attach. B). On March 25, 2013, Petitioner was sentenced in the Criminal Court of Grainger County, Tennessee, on other state charges. Specifically, he was sentenced to 10 years of imprisonment for Aggravated Burglary and Theft over $10,000, and six years of imprisonment of Possession of a Firearm by a Convicted Felon. (*Id.* at 2 and Ex. 1, Attach. D, State of Tennessee Grainger County Judgment).[2]

---

[2] Although not specifically addressed by the Respondent, it appears that Petitioner's Grainger County sentences were run concurrently with his other state sentences.

While in state custody, Petitioner wrote the BOP requesting that he be placed in federal custody for service of both his federal and state sentences. The BOP construed the letter as a request for a *nunc pro tunc* designation. (*Id.* at 3 and Ex. 1, Attach. E). In determining whether Petitioner should receive such a designation, the BOP attempted to contact Petitioner's federal sentencing court, to determine the court's intent as to how the federal sentence should be run, but the court failed to respond. (*Id.* at 3 and Ex. 1, Attach. F). Pursuant to 18 U.S.C. § 3584(a), when multiple terms of imprisonment are imposed at different times, such terms are deemed to run consecutively unless the court orders that such terms are to run concurrently. *See* 18 U.S.C. § 3584(a).

The BOP conducted a review of Petitioner's request using the five factors set forth in 18 U.S.C. § 3621(b) and determined that a *nunc pro tunc* designation was not appropriate in his case. (*Id.* at 3 and Ex. 1, Attach. G). Petitioner was notified of the decision in writing on December 30, 2013. (*Id.* at 3 and Ex. 1, Attach. H).

On March 13, 2015, Petitioner was released on parole from the Tennessee Department of Corrections and was taken into federal custody. The BOP completed a sentence computation commencing Petitioner's federal sentence on March 13, 2015. (*Id.* at 3 and Ex. 1, Attach. J). Petitioner received no prior custody credit against his federal sentence because all of the time he spent in custody was applied to his Tennessee state sentences. (*Id.* at 3 and Ex. 1, Attach. A). Petitioner's projected satisfaction date for his federal sentence was November 7, 2020. (*Id.* at 3, Ex. 1, Attach. J).[3]

Petitioner filed the instant section 2241 petition seeking credit against his federal sentence beginning on September 22, 2010. On March 29, 2017, the undersigned issued

---

[3] According to the BOP inmate locater, Petitioner's release date is now January 5, 2021. *See* www.bop.gov/inmateloc

an Order to Show Cause (ECF No. 4) directing Respondent to file a response to Petitioner's section 2241 petition. On May 4, 2017, Respondent filed a Response to Order to Show Cause asserting that Petitioner's sentence was correctly calculated and that he is not entitled to any further relief. (ECF No. 8). Petitioner did not file a reply.

## **ANALYSIS**

Following the imposition of a sentence by a federal court, the BOP is charged with calculating and administering the offender's sentence, including the application of prior custody credit and good conduct time. *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); 18 U.S.C. § 3621(a). The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (Emphasis added). (ECF No. 9 at 3-4).

Furthermore, section 3585(b) of Title 18 prohibits a defendant from receiving double credit for detention time. Thus, prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence). (ECF No. 9 at 6). Therefore, a prisoner normally cannot receive credit toward his federal sentence for the time credited to his state sentence.

Where a defendant has both state and federal sentences, the order in which the sentences are served is governed by the principle of primary jurisdiction, which is best explained in *United States v. Smith*:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .

812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978)).

Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence."); *Carter v. Felts*, No. 5:05-cv-00708, 2008 WL 3457032 * 6 (S.D. W. Va. Aug. 11, 2008) ("When a federal court imposes sentence upon a defendant already in State custody . . . the principles of comity and primary jurisdiction dictate that the federal sentence does not commence until the State relinquishes its jurisdiction.") (internal citations omitted); *Rose v. Williams*, No. 3:16cv31, 2016 WL 8115663 *5 (N.D. W. Va. Dec. 28, 2016). Furthermore, "borrowing" Petitioner on a writ of habeas corpus *ad prosequendum* does not alter primary jurisdiction. *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992) (a prisoner is not in custody when he appears in court pursuant to a writ *ad prosequendum*; he is merely

on loan); *Restituyo-Garcia v. Coakley*, No. 5:16-cv-07323, 2017 WL 764867 *3 (S.D. W. Va. Jan. 31, 2017).

Petitioner seeks credit for all of the time he has served in custody after he was sentenced in the federal court on September 22, 2010. The State of Tennessee had primary jurisdiction over Petitioner's custody because he was initially arrested by state authorities. Such custody was not relinquished during the time he was on loan to federal authorities, even after he was sentenced by the federal court. Moreover, the time period between September 22, 2010, when he was sentenced in federal court, and March 13, 2015, when he was released to federal custody, was credited against his state sentences. Accordingly, there is no basis for any additional credit of that time to his federal sentence.

Petitioner bears the burden of demonstrating that he is in custody in violation of the Constitution or laws of the United States and he has not met that burden herein. *See* 28 U.S.C. § 2241(c)(3). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has received the proper prior custody credit and that his sentences have been properly executed. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

"Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner at USP Coleman II, and to transmit a copy to counsel of record.

April 23, 2019

Dwane L. Tinsley
United States Magistrate Judge

7